Concurring and Dissenting Opinion by
Watts, J.,
which McDonald, J., joins
Respectfully, I concur in part and dissent in part. I concur with respect to the violation of the Maryland Lawyers’ Rules of Professional Conduct (“MLRPC”), and I dissent solely as to the appropriate sanction. Even with the exception to the MLRPC 8.4(c) violation having been sustained, given the seriousness of Willie James Mahone (“Mahone”)’s misconduct and his prior disciplinary record, from my perspective, disbarment is the appropriate sanction in this case.
The hearing judge concluded that Mahone had violated MLRPC 1.1 (Competence), 8.1(b) (Disciplinary Matters), 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation), and 8.4(d) (Conduct That Is Prejudicial to the Administration of Justice); Maryland Rules 16-606.1 (Attorney Trust Account Record-Keeping), 16-607 (Commingling of Funds), and 16-609 (Prohibited Transactions); and Md. Code Ann., Bus. Occ. & Prof. (“BOP”) § 10-306 (Trust Money Restrictions). The hearing judge determined that Mahone’s violation of Maryland Rule 16-606.1 was “without malice or personal gain[.]” The Majority upholds the hearing judge’s conclusions as to MLRPC 1.1, 8.1(b), and 8.4(d); Maryland Rules 16-606.1, 16-607, and 16-609; and BOP § 10-306. See Maj. Op. at 42-43, 150 A.3d at *50 881-82. The Majority, however, sustains Mahone’s exception to the hearing judge’s conclusion as to MLRPC 8.4(c). See id.
Taking into account the Majority’s sustaining of the exception as to the MLRPC 8.4(c) violation and the hearing judge’s determination that Mahone violated Maryland Rule 16-606.1 without malice or personal gain does not obfuscate the conclusion that disbarment is warranted. In 1997, this Court indefinitely suspended Mahone from the practice of law in Maryland for MLRPC violations that occurred when Mahone failed to comply with his obligations with regard to withholding taxes, see id. at 23; in 2007, this Court granted a Joint Petition for Reprimand by Consent for Mahone’s violation of MLRPC 8.1(b) (Disciplinary Matters), see Attorney Grievance Comm’n v. Mahone, 400 Md. 95, 927 A.2d 418 (2007); and, most recently, in 2012, this Court granted a joint petition for reprimand for Mahone’s violations of MLRPC 1.1 (Competence), 1.15(a), 1.15(e) (Safekeeping Property), and 8.4(d) (Conduct That Is Prejudicial to the Administration of Justice), see Attorney Grievance Comm’n v, Mahone, 425 Md. 343, 40 A.3d 1038 (2012)—ie., this Court reprimanded Mahone for mishandling his attorney trust account, which is essentially the same as the misconduct in this case. This Court’s action in indefinitely suspending Mahone represents the fourth occasion on which he has been sanctioned for misconduct. Although Mahone’s indefinite suspension occurred in 1997, and may arguably be considered remote, the repetitive nature of Ma-hone’s misconduct clearly raises the issue of the need to protect the public and deter Mahone and other lawyers from similar misconduct.
In discussing Mahone’s prior disciplinary record, the Majority theorizes that, at least with regard to his two reprimands, Mahone took responsibility for his actions and cooperated with Bar Counsel by entering a joint petition for reprimand in each case. See Maj. Op. at 48-49, 150 A.3d at 885. This is one interpretation. Another explanation for the joint petitions and agreed-upon reprimands is that Mahone, recognizing that he had been the subject of an indefinite suspension in 1997, simply sought to make the best arrangement possible to *51 minimize the sanction imposed in his last two attorney grievance cases. Certainly, that he engaged in further misconduct after his 2007 reprimand, and was again reprimanded in 2012, undermines any conclusion that Mahone has benefited from his earlier indefinite suspension. Overall, the continuum of attorney grievance cases demonstrates that Mahone was not deterred by his prior encounters with Bar Counsel. And, the frequency of his misconduct indicates that he would pose a threat to future clients. Given his track record, and the nature of the misconduct in this case—namely, his mismanagement of his attorney trust account and his failure to comply with Bar Counsel’s investigation, which is essentially the same misconduct that Mahone has previously engaged in—disbarment is the appropriate sanction.
For the above reasons, respectfully, I concur in part and dissent in part.
Judge McDonald has authorized me to state that he joins in this opinion.